IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
**(Northern Division)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | CASE NO. 24-CR-0034 RDB |
| v. | * | |
| RODNEY BURTON, | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**RODNEY BURTON'S MOTION FOR RECONSIDERATION OF ORDER
GRANTING GOVERNMENT'S MOTION TO SET BRIEFING SCHEDULE**

On December 3, 2025, the Government sought fourteen days to respond to the Defense Motion concerning a man who has already spent 702 days in pre-trial detention—nearly two years of his life behind bars without a conviction. On December 4, 2025, at approximately 4:22 p.m., the Court granted the Government's Motion (Dkt. No. 64) without the benefit of hearing from Defense counsel. As a result, the Defense now provides this Motion for the Court's reconsideration.[1]

Every additional day of delay is another day Mr. Burton sits in custody, presumptively innocent, while the Government prepares arguments it should have already anticipated since at least July 2025. The statute requires this Court to act "promptly." *See* 18 U.S.C. § 3145(b). Fourteen days is not prompt. The Defense respectfully defers to the Court to determine what is fair and certainly understands

---

[1] There is no Rule of Criminal Procedure for motions for reconsideration. However, case law makes clear such a motion is appropriate when, as here, there is new evidence (i.e., the position of the opposing party) or an injustice would result. *See United States v. Mallory*, 337 F. Supp. 3d 621, 626 (E.D. Va. 2018) (internal citations omitted).

the Court has already ruled without hearing from the Defense. For the Court's reconsideration, the Defense offers the following:

## ARGUMENT

### I.    The statute requires "prompt" determination, which fourteen days does not satisfy.

The Bail Reform Act mandates that motions for review of detention orders "shall be determined promptly." 18 U.S.C. § 3145(b). Section 3142(f) permits another review of a detention decision when "information exists that was not known to the movant at the time of the hearing and that has a material bearing" on whether conditions of release exist. 18 U.S.C. § 3142(f). This provision serves the fundamental purpose of the Bail Reform Act—ensuring that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

Here, Mr. Burton has been detained since January 3, 2024—702 days as of the filing of his Motion. Dkt. No. 62 at 4.[2] Each additional day of delay compounds the constitutional injury. As Chief Justice Frederick Vinson warned over seventy years ago, pre-trial detention risks "the infliction of punishment prior to conviction" and causes the "presumption of innocence" to "lose its meaning." *Stack v. Boyle*, 342 U.S. 1, 4 (1951). When the accused presents new material information justifying reconsideration of detention—including the near-complete evaporation of flight risk through time served, asset dissipation, lack of financial danger, and a fundamental

---

[2] This filing cites the page numbers in the footer of the filed documents—not the page numbers placed in the header by the Electronic Case Filing system.

shift in enforcement policy by the Justice Department (DOJ)—the Court should act with the urgency the statute contemplates.

**II.    The Government's request for fourteen days constitutes a tacit admission that standard briefing timelines do not apply.**

The Government's Motion itself undermines its position. If Local Rules 105.2.a and 207 automatically entitled the Government to fourteen days as a matter of right, why file a motion at all? Why contact Defense counsel via email on December 1, 2025, to ask permission?[3] This demonstrates that the Government recognizes detention matters require expedited handling.

In the Government's December 1 email, the Government wrote, "We're **asking for** 2 weeks to respond to your motion to reopen the detention hearing, in light of its length." (emphasis added). This language—"asking for"—demonstrates that the Government understands its needs consent or court approval, not that it possessed an automatic right under the Local Rules. The Government's conduct belies its legal argument.

Moreover, Defense counsel's December 2 email response made the statutory framework explicit: "As you know, the statute directs reconsideration of detention orders to occur 'promptly.' 18 U.S.C. § 3145(b)." The Government never disputed the Defense's citation to the statute until it filed its Motion yesterday. By seeking extended time through a motion rather than simply taking it under the Local Rules, the Government tacitly conceded that § 3142(f) motions require expedited handling.

---

[3] If the Court is interested, the Defense can provide the Court with the email correspondence between the Defense and the Government.

### III.    Seven days provides adequate time for the Government to respond.

The Government contends it needs fourteen days to respond because the Defense's memorandum is "72 pages long" and "together with exhibits, the motion is 126 pages long." Dkt. No. 63 ¶ 5. This argument lacks merit for, at least, four reasons.

**First**, the core legal and factual issues are not complex. The Motion presents four primary arguments to demonstrate changed circumstances: (1) Mr. Burton's financial circumstances have materially changed, eliminating the purported flight risk, Dkt. No. 62 at 8-11;[4] (2) Mr. Burton is not a "financial danger" as that theory was never proven by "clear and convincing evidence," *id.* at 11-12; (3) the passage of time has reduced Mr. Burton's incentive to flee, *id.* at 12-17; and (4) DOJ's April 2025 policy shift (the "Blanche Memo.") undermines the basis for prosecution entirely, *id.* at 17-29. These are straightforward propositions that the Government has had months to anticipate because Defense counsel alerted them to these arguments as early as July 2025 during a reverse proffer session.

**Second**, the Government has been familiar with this case for at least two years. The arrest of Mr. Burton occurred on January 3, 2024. Dkt. No. 62 at 4. The Government argued for detention at two 2024 hearings. *See id.* at 4-5. The Defense Motion presents new information and arguments, but the Government's allegations remain unchanged.

---

[4] There is an editing error in this Section of the filing (Dkt. No. 62), which unnecessarily extends this Section by three paragraphs.

**Third**, one week is sufficient time for a well-resourced U.S. Attorney's Office (USAO) and DOJ to prepare a response. The USAO and DOJ employ numerous experienced prosecutors. Two prosecutors filed the Government's Motion. Dkt. No. 63 at 1. There is, at least, one other prosecutor from DOJ assigned to this case. With this level of staffing, a seven-day turnaround is entirely reasonable—particularly given the liberty interest at stake.

**Fourth**, courts routinely handle detention matters on compressed timelines. At the trial level, initial detention hearings must occur within three business days absent a showing of good cause. 18 U.S.C. § 3142. While this case involves a reopening rather than an initial determination, the same principles of expedition apply. *See*, *e.g.*, *United States v. Shaheed*, 455 F. Supp. 3d 225 (D. Md. 2020) (No. 19-cr-0526) (reviewing the filings and providing a detention order in ten days). At the appellate level, Local Rule 9(a)(2) states ". . .the court of appeals must **promptly** determine the appeal. . ." regarding a pretrial detention of an accused person. 4th Cir. R. (a)(2) (emphasis added).

## IV.   The Government's reliance on Local Rules misconstrues their proper application.

The Government cites Local Rules 105.2.a and 207 for the proposition that "the standard response time for a memorandum in opposition to a motion is fourteen days." Dkt. No. 63 ¶ 9. This argument fails for two independent reasons.

**First**, the Local Rules cannot override federal statutory requirements. When Congress mandates that detention-related motions be determined "promptly," local rules establishing general briefing schedules must yield. *See* Fed. R. Crim. P. 57(a)

(local rules "must be consistent with" federal statutes and rules). The Bail Reform Act has time limitations that must be followed with "care and precision." *United States v. Montalvo-Murillo*, 495 U.S. 711, 716 (1990). In sum, the time dictates of the Bail Reform Act trump local rules. [5]

**Second**, even assuming the Local Rules apply, they do not mandate fourteen days in all circumstances. Local Rule 105.2.a provides default timelines, but it explicitly allows the Court to change those timelines. D. Md. Loc. R. 105.2.a (stating "[u]nless otherwise ordered by the Court," certain timelines apply). Detention matters, given their significance under the Due Process Clause of the U.S. Constitution, warrant shortened timelines. *See, e.g., United States v. Hare*, 873 F.2d 796, 801 (5th Cir. 1989) (holding that unnecessary delays in detention proceedings violate due process).

## V.    The liberty interest at stake demands urgency.

Everyday Mr. Burton remains in custody is a day of liberty lost forever. As of today, he has already spent 702 days detained. Dkt. No. 62 at 1. He faces charges carrying a maximum five-year sentence, *see* 18 U.S.C. §§ 371, 1960, meaning he has already served more than one-third of the statutory maximum without a trial, let alone a conviction. With good time credit, First Step Act credits, and a proper reading of the U.S. Sentencing Guidelines, he may have already served more time

---

[5] The Government's citation to § 3145(b) as "not apply[ing] here" misunderstands the Defense's argument. Dkt. No. 63 ¶ 9. The practice in the District of Maryland and around the country is that magistrate judges hear motions to reopen detention hearings promptly because they know there is prompt review of those orders by the district court judge under § 3145(b).

than the Guidelines advise. *See* Dkt. No. 62 at 13-14. In *Salerno*, the Court emphasized that the Bail Reform Act's "elaborate safeguards" exist to ensure detention is not imposed unnecessarily. *Salerno*, 481 U.S. at 755. Those safeguards ring hollow if an accused presenting compelling new evidence of changed circumstances must wait two weeks (or longer, given the inevitable need for reply briefs and scheduling) for the Government to respond. As Justice Marshall observed in dissent in *Salerno*, detention without trial risks "punishment prior to adjudication of guilt." 481 U.S. at 763 (Marshall, J., dissenting).

## VI.    The District of Maryland supports expedited briefing.

The District of Maryland has recognized the need for expedition in detention matters based on a motion to reconsider a detention order and after the accused had already been detained for over five months (or 153 days). In *United States v. Shaheed*, this Court granted a defense motion to reopen a detention hearing and granted it in **ten days** based on changed circumstances (i.e., the global pandemic). 455 F. Supp. 3d 225, 228 (D. Md. 2020) (No. 19-cr-0526) (Dkt. No. 32) (taking 10 days from the defense's initial motion to reconsider the detention order to issuing an order granting the conditional release of a person in a gun-drug case where the person faced life imprisonment and one of the underlying issues was novel and complex—a global pandemic); *see also* Dk. No. 62 at 6-7 (citing *Shaheed*). In *Shaheed*, this Court did not require weeks of briefing and it ruled on the parties' filings without a hearing. *Shaheed*, 455 F. Supp. 3d 225 (D. Md. 2020) (No. 19-cr-

0526) (Dkt. No. 32 at 1); it acted swiftly to protect the liberty interest of the accused. *See id.*

The same urgency should apply here. To be clear, Mr. Burton is not facing a global pandemic. Unlike Khalil Shaheed, Mr. Burton is also not facing: 1) two indictments and 2) violent gun-drug charges that carry a mandatory minimum 20 years in prison and a maximum sentence of life. *Shaheed*, 455 F. Supp. 3d 225 (D. Md. 2020) (No. 19-cr-0526) (Dkt. No. 32 at 2).

### VII.    Defense counsel's proposal strikes the appropriate balance

The Defense proposes a reasonable compromise: seven days for the Government to respond (by December 8), three days for the Defense to file a Reply (by December 11),  a hearing (if needed) on December 15. This schedule provides the Government with a full week to prepare while ensuring the Court can consider Mr. Burton's Motion expeditiously. A December 15 hearing falls 14 days after the Defense filed its Motion—well within any reasonable interpretation of "promptly." *See, e.g.*, *Shaheed*, 455 F. Supp. 3d 225 (D. Md. 2020) (No. 19-cr-0526) (Dkt. No. 32).

The Government's counter-proposal—fourteen days for a response, with no hearing date specified—would push resolution well into late December or potentially into 2026. Given holiday schedules, a fourteen-day briefing period could easily result in a hearing date four to six weeks after the Defense filed its Motion. Such delay is antithetical to the Bail Reform Act's purpose.

Defense counsel has also indicated willingness to work with the Government on release conditions, potentially obviating the need for a contested hearing

altogether. The Government has not meaningfully engaged with the Defense. Instead, it seeks maximum time for briefing a motion it should have anticipated, on issues with which it is intimately familiar, in a case in which Mr. Burton has already served nearly two years in pre-trial detention.

### VIII.  The Government's arguments about complexity are overstated.

The Government emphasizes the length of the Defense's motion. Dkt. No. 63 ¶ 5. But length does not equal complexity. Much of the Motion provides factual background about HyperFund, Sam Lee, and Brenda Chunga—context that helps the Court understand why Mr. Burton lacked the requisite knowledge for § 1960. *See* Dkt. No. 62 at 30-49. Another part of the Motion provides information about the government-authored Blanche Memo. *See* Dkt. No. 62 at 17-30. These sections are descriptive, not legally complex. The Government is already familiar with these facts from its own investigation and authorship of the Blanche Memo. The Motion's legal arguments under § 3142(f) are similarly straightforward:

1. **Flight risk has dissipated**: Mr. Burton's assets are gone and his incentive to flee has diminished. Dkt. No. 62 at 8-11. The Government either agrees or disagrees; this is not a complex legal question.

2. **Time served matters**: Mr. Burton has been detained 702 days and faces limited additional time even if convicted. *Id.* at 12-17. The math is simple.

3. **"Financial danger" was never proven**: "Danger" must be proven by "clear and convincing" evidence. It was not. *Id.* at 11-12.

4. **DOJ policy changed**: On April 7, 2025, the Blanche Memo. directed cessation of regulatory prosecutions like this one. *Id.* at 17-29. The trial prosecutors disagree. Other DOJ prosecutors might agree.

5. **The § 3142(g) factors support release**: Nature of offense, weight of evidence, history and characteristics, and danger to community all favor

release. *Id.* at 37-62. These are the standard factors courts analyze in every detention case.

None of these arguments requires weeks of research or analysis. The Government can marshal its counterarguments in seven days.

## IX.    The Government's preferred timeline effectively denies relief.

Finally, the Court should consider the practical reality of the Government's proposed schedule. If the Court maintains the fourteen-day schedule (until December 15), the Defense will need time to reply. A typical reply brief might add another seven days, pushing the briefing schedule to December 22—right before Christmas. The Court would then need to review the briefs and schedule a hearing, likely in early January 2026.

This timeline would mean Mr. Burton remains in custody for the entire holiday season and beyond, waiting for resolution of a motion presenting compelling evidence that he should have been released months ago. He would miss a second Christmas and a second New Year's with his family and friends—time he will never recover—while the Government enjoys maximum briefing time on a motion it knew was coming as early as July 2025.

The prejudice is not symmetrical. If the Court grants the Defense's proposed schedule and ultimately denies the motion to reopen, the Government loses nothing—the same detention order remains in place. But if the Court maintains the Government's fourteen-day schedule and ultimately grants Mr. Burton's Motion, he will have spent additional weeks in custody unnecessarily. Given that "liberty is the

norm" and detention is "the carefully limited exception," *Salerno*, 481 U.S. at 755,

any reasonable doubt should be resolved in favor of expedition.

## CONCLUSION

Mr. Burton has already lost 702 days of his life to pre-trial detention. He

presents new material information justifying reconsideration of his detention. The

statute requires the Court to act "promptly." The Government's request for fourteen

days is not prompt. A proposed order is attached.

Respectfully submitted,

*/s/ Kobie Flowers*
Kobie Flowers
Fed. Bar # 16511
Flowers Keller LLP
1601 Connecticut Avenue, NW
Washington, D.C. 20009
o 202.993.1282
d 202.521.8742
kflowers@flowerskeller.com

Attorney for Rodney Burton