IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal Action No. RDB-24-0034 |
| RODNEY BURTON, | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Presently pending in this criminal action are two Motions filed by Defendant Rodney Burton ("Defendant" or "Mr. Burton"): (1) Motion to Reopen Detention Hearing (ECF No. 61) and Supplement (ECF No. 62) (collectively, "Mr. Burton's Motion to Reopen"); and (2) Motion for Reconsideration of Order on Motion for Miscellaneous Relief (ECF No. 65) ("Mr. Burton's Motion for Reconsideration"). Mr. Burton filed his 72-paged Motion to Reopen on December 1, 2025, and, on December 3, 2025, the Government filed a Motion to Set Briefing Schedule (ECF No. 63) in which it sought fourteen days to respond to Mr. Burton's Motion to Reopen. By Order (ECF No. 64) dated December 4, 2025, this Court granted the Government's Motion and ordered it to respond no later than December 15, 2025. Mr. Burton's Motion for Reconsideration has been reviewed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Mr. Burton's Motion for Reconsideration (ECF No. 65) is DENIED.[1]

---

[1] Mr. Burton's Motion to Reopen (ECF Nos. 61, 62) remains pending and subject to the briefing schedule approved in this Court's Order (ECF No. 64), dated December 4, 2025. Additionally, as discussed further below, the Court will set any hearing before the Christmas Holiday.

1

Although there is no Rule of Criminal Procedure that addresses or authorizes motions for reconsideration, "courts in this Circuit have looked for guidance to Rule 59(e) of the Federal Rules of Civil Procedure[,]" which authorize reconsideration "on one of three grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence, or (3) to correct a clear error of law or to prevent manifest injustice." *United States v. Russell*, 747 F. Supp. 3d 827, 828–29 (D. Md. 2024). In this case, Mr. Burton argues that the fourteen-day briefing deadline set in this Court's Order (ECF No. 64) causes manifest injustice by failing to promptly determine his Motion to Reopen (ECF Nos. 61, 62), as required under 18 U.S.C. § 3145(b).[2] *See* (ECF No. 65 at 2–3.) He instead proposes a 7-day timeline for the Government to respond—i.e., by December 8, 2025—and then 3 days for Defendant to Reply—i.e., by December 11, 2025—with any hearing to be held Monday, December 15, 2025. (*Id.* at 4–7, 8.) Mr. Burton has not shown that the fourteen-day briefing schedule in this case results in manifest injustice justifying reconsideration.

Mr. Burton's Motion to Reopen (ECF Nos. 61, 62) is 72 pages and includes an additional 51 pages of exhibits, which Mr. Burton asserts demonstrate new developments—including asserted changes in Department of Justice polices—justifying review of his detention. *See, e.g.*, (ECF No. 62 at 19, 24.) Under Local Rule 207.1, "[t]he provisions of L.R. 105 (except L.R. 105.2(c), 105.11, and 105.12) apply to criminal proceedings." Under Local Rule 105.3—made applicable to criminal proceedings by Local Rule 207.1—"[u]nless otherwise ordered by the Court, memoranda in support of a motion . . . shall not exceed thirty

---

[2] Mr. Burton's argument also appears to rely on his assumption that the Court will not hold a hearing until 2026. (ECF No. 65 at 2–4.) Neither this Court's prior Order (ECF No. 64) nor the broader record in this case contain any such ruling.

(30) pages." Mr. Burton did not seek the Court's approval to file a 72-paged Motion to Reopen, which exceeds the limit imposed in this Court's Local Rules by some 42 pages. Based on the length of Mr. Burtons Motion to Reopen, the Government on December 3, 2025, filed a Motion to Set Briefing Schedule (ECF No. 63) in which it sought two weeks, i.e., until December 15, 2025, to respond to Defendant's Motion to Reopen. Specifically, the Government argued that "[i]n light of the extreme length of the Defendant's motion . . . the Government believes a two-week period is necessary to ensure the Government has sufficient time to address the purportedly new evidence the Defendant cites." (ECF No. 63 ¶ 7.)

The Bail Reform Act requires "prompt" determination of "a motion for revocation of amendment of [a detention] order." *See* 18 U.S.C. § 3145(b). Mr. Burton does not cite—and the Court has not located—any cases that specifically define "prompt" determination. In at least one case, *United States v. Cohen* (GLR-14-310), this Court took fourteen days to hold a detention hearing following the filing of a Motion for Review of Detention Order, (GLR-14-31, ECF No. 31), and adjudicated that motion 22 days after it was filed, (GLR-14-31, ECF No. 39). Mr. Burton notes that in *United States v. Shaheed*, 455 F. Supp. 3d 225 (D. Md. 2020), this Court adjudicated the Defendant's Emergency Motion to Reopen Detention Hearing (CCB-19-527, ECF No. 23) 10 days after it was filed. (ECF No. 65 at 7.) That Emergency Motion was 23 pages long, designated as an emergency motion, and based on COVID-19 conditions. *See* (ECF No. 65 at 6–7.) In this case, Mr. Burton's Motion is far longer than the 23-paged motion at issue in *Shaheed*, was not designated as an emergency motion, and presents voluminous exhibits as the basis for reopening. The fourteen-day briefing deadline set by this Court is within the typical timeline for similar motions that were significantly shorter than that

3

at issue in this case, and the Court will hold any detention hearing prior to the Christmas Holiday. Accordingly, Mr. Burton has not shown manifest injustice resulting from this Court's prior Order (ECF No. 64).

For the reasons stated above, it is this 5th day of December 2025 hereby ORDERED that Mr. Burton's Motion for Reconsideration (ECF No. 65) is DENIED.

/s/
Richard D. Bennett
United States Senior District Judge