

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Christina Hoffman*
*Assistant United States Attorney*
*Christina.Hoffman@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4871*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*

July 15, 2026

**<u>VIA CM/ECF</u>**

The Honorable Richard D. Bennett
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

Re: <u>United States v. Rodney Burton, a/k/a "Bitcoin Rodney"</u>
Crim. No. RDB-24-0034

Dear Judge Bennett:

The Defendant, Rodney Burton, a/k/a "Bitcoin Rodney," is scheduled to be sentenced next Wednesday, July 23, following his guilty plea to one count of conspiring to operate an unlicensed money transmitting business, in violation of 18 U.S.C. § 371. *See* ECF 101 (Plea Agreement); ECF 16 (Indictment); 18 U.S.C. § 1960.

This case is in an unusual posture. As the Court knows, in December 2025, a Superseding Indictment was returned charging the Defendant with more serious offenses, namely, one count of wire fraud conspiracy, in violation of 18 U.S.C. § 1349; two counts of wire fraud, in violation of 18 U.S.C. § 1343; and seven counts of money laundering, in violation of 18 U.S.C. § 1957. *See* ECF 69 (Superseding Indictment). However, as detailed in the parties' plea agreement, the Government learned months later that the Defendant had actually accepted an earlier plea offer to Count One of the original indictment that capped the Government's recommendation at the low end of the sentencing guidelines for that offense. The Defendant's former counsel, Kobie Flowers, failed to relay that acceptance to the Government, instead wrongly advising prosecutors via email that "we are not prepared to accept the plea offer at this time." *See* ECF 101 (Plea Agreement), at 12. After learning that the Defendant had, in fact, accepted its plea offer, the Government re-extended the offer, and the Defendant promptly pled guilty on June 15, 2026.

In accordance with the parties' plea agreement, we have reached a joint sentencing recommendation that we believe appropriately accounts for the sentencing factors under 18 U.S.C. § 3553(a) and the unusual posture of this case. Specifically, we ask that the Court sentence the Defendant to 32 months of incarceration, followed by 3 years of supervised release. In addition to the mandatory, standard, and special conditions listed in the Presentence Report ("PSR"), *see* ECF 104 (Presentence Report) at 19–20, the parties ask the Court to place the Defendant on a period of three months of home detention, such that he will be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental

health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer. The parties also ask the Court to include a supervised release condition prohibiting the Defendant from becoming involved in multi-level marketing businesses or crypto-related investment programs absent prior approval from his probation officer. Finally, the Defendant has agreed to a forfeiture money judgment in the amount of $7,851,711. *See* ECF 101 (Plea Agreement), at 6–7.

### A. Advisory Sentencing Guidelines & Plea Agreement

The parties are in agreement as to the applicable advisory sentencing guidelines in this case. The base offense level is 6 pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2S1.3(a)(2). *See* ECF 101 (Plea Agreement), at 4–5; ECF 104 (Presentence Report), at 8–9. There is an 18-level upward adjustment in the offense level pursuant to U.S.S.G. §§ 2S1.3(a)(2) and 2B1.1(b)(1)(J), because the value of funds transferred to the Defendant was over $3,500,000, but less than $9,500,000. *Id.* There is a 3-level downward adjustment under U.S.S.G. § 3E1.1(a) and (b) based on the Defendant's acceptance of responsibility. *Id.* The defense has agreed *not* to pursue the "safe harbor" provision under U.S.S.G. § 2S1.3(b)(3). *See id.* The final offense level is therefore 21. *Id.*

The Defendant has a number of older criminal convictions that do not score criminal history points—namely, a 1990 conviction for giving a false name, address, or birthdate to a law enforcement officer and carrying a concealed weapon in the Atlanta Municipal Court in Georgia; a 1996 conviction for larceny in the Alexandria District Court in Virginia; and a 2004 conviction for possession with intent to distribute cocaine in the Superior Court for Washington, DC. *See* ECF 104 (Presentence Report), at 9–10.

He also has a 2007 federal conviction for conspiracy to distribute 500 grams or more of cocaine in the U.S. District Court for the Eastern District of Virginia, for which he was sentenced to 60 months in the Bureau of Prisons and 4 years of supervised release. *Id.* at 10. This conviction scores three criminal history points, putting him in Criminal History Category II. *Id.*

Based on an offense level 21 and Criminal History Category II, the Defendant has an advisory guidelines range of 41-51 months. *Id.* Pursuant to the plea agreement, the Government's sentencing recommendation is capped at the low end of this range, *i.e.*, 41 months. *See* ECF 101 (Plea Agreement), at ¶ 9.

As noted above, the parties are jointly recommending a sentence of 32 months incarceration followed by 3 years of supervised release, the first 3 months of which will be served on home detention. The Defendant has been in continuous custody for roughly 31 months since his arrest on January 3, 2024, and he has not incurred any disciplinary infractions while incarcerated. If the Court imposed a sentence of 41 months, the Defendant would serve approximately 35 months of that term after receiving good-time credits from the Bureau of Prisons. Accordingly, a sentence of 32 months incarceration followed by 3 months of home detention represents only a small variance from the bottom of the guidelines range.

**B. Factors under 18 U.S.C. § 3553(a)**

The Government respectfully submits that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes of punishment set forth in 18 U.S.C. § 3553(a).

The nature and circumstances of the offense are serious. The Defendant promoted a $1.8 billion Ponzi scheme and netted close to $8 million in investor proceeds that he obtained by exchanging what he knew or should have known was worthless cryptocurrency. Moreover, the evidence indicates that he attempted to flee the country with his ill-gotten gains. He was arrested at Miami International Airport as he prepared to board a flight to Dubai on a one-way ticket, after having told a co-conspirator in a recorded call that the "feds" were investigating him. *See* ECF 36 (Memorandum Order Denying Motion for Release), at 4.

Cryptocurrency fraud schemes are on the rise,[1] and there is a strong need for both general and specific deterrence. There is also a strong need to protect the public from future crimes by the Defendant. The three-year term of supervised release will be important in accomplishing this goal, as the Defendant has agreed to both (a) a condition prohibiting him from becoming involved in multi-level marketing businesses or cryptocurrency-related investment programs absent prior approval from his probation officer, and (b) a condition requiring him to provide his probation officer with access to any requested financial information. *See* ECF 105 (Presentence Report), at 20.

Although the recommended sentence represents a slight downward variance from the advisory guidelines, we believe this variance is justified by the Defendant's acceptance of responsibility and agreement to forfeit close to $8M in ill-gotten gains. What the victim-investors want most is their money back. To that end, the Court has entered a forfeiture money judgment against the Defendant in the amount of $7,851,711.00, *see* ECF 107 (Preliminary Order of Forfeiture), and the Defendant has agreed to a condition of supervised release requiring him to pay off the judgment in monthly amounts to be determined by the Court, *see* ECF 104 (Presentence Report), at 20.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

_____/s/_____
Christina A. Hoffman
Assistant United States Attorney

Cc:    Shari Derrow, AFPD
       Helen Domico, USPO

---

[1] *See* FBI News, Cryptocurrency and AI Scams Bilk Americans of Billions, Apr. 6, 2026, available at https://www.fbi.gov/news/press-releases/cryptocurrency-and-ai-scams-bilk-americans-of-billions (last visited July 14, 2026).